UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARIE CAMPO AND LEROY CAMPO | CIVIL ACTION |
| VERSUS | NO. 06-10785 |
| DAN BURGHARDT INSURANCE AGENCY, ET AL. | SECTION "N" (2) |

## ORDER

Before the Court is the Motion to Remand (Rec. Doc. No. 5) filed by Plaintiffs, Marie and Leroy Campo. This matter was removed from the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, by Defendant Waterstreet Company on December 5, 2006. Waterstreet opposes Plaintiff's motion. Oral argument was heard on the motion on July 11, 2007, at which point the Court ordered Plaintiff to file an amended complaint clarifying what had been established in both the briefs and at oral argument, i.e., that Plaintiff's claims against Waterstreet did not involve improper handling of a flood policy claim. The Court further ordered the parties to submit short memoranda, within ten days of the filing of Plaintiff's amended complaint, showing cause why this matter should not be remanded. After reviewing the submissions of the parties, the arguments offered during oral argument, the pertinent law, the record herein, and Plaintiff's amended complaint, the Court finds that remand is appropriate.

Courts in this district have uniformly found that federal jurisdiction is not available for causes of action based on a failure to procure flood insurance. *See, e.g., Landry v. State Farm Fire & Cas. Co.*, 428 F.Supp.2d 531, 534 (E.D. La. 2006). Plaintiff's amended complaint "eliminat[es] any and all claims against Waterstreet Company for the negligent 'handling' of a flood insurance claim" and clarifies that "all claims against Waterstreet relate solely to its negligence in failing to 'procure' a flood policy and its negligent error and/or omissions in failing to properly process [Plaintiff's] request for flood insurance." (Rec. Doc. No. 13-2.) Because Plaintiff's claims against Waterstreet are claims relating to procurement and errors and omissions, federal question jurisdiction does not exist. Further, the Court finds that there are no other grounds to support federal jurisdiction in this case; thus, the matter must be remanded to state court.

In their memorandum in support of their Motion to Remand, Plaintiffs request attorneys' fees and costs for Defendant's improper removal. The decision whether to award fees and costs is discretionary. *Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 1993). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005) (*citing Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 541 (5th Cir. 2004)); *Valdes v. Wal-Mart Stores, Inc*., 199 F.3d 290, 293 (5th Cir. 2000)). This Court exercises its discretion not to grant plaintiffs' request for attorneys' fees and costs.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's Motion to Remand (Rec. Doc. No. 5) is **GRANTED;**

2. Plaintiff's Request for Attorney's Fees and Costs is **DENIED**;

3. Defendant's Motion for More Definite Statement (Rec. Doc. No. 20) is **DENIED as MOOT**;[1]

4. Plaintiff's Motion to Stay Proceedings Pending Ruling on Motion to Remand (Rec. Doc. No. 22) is **DENIED as MOOT**.

5. This matter is **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, for lack of subject matter jurisdiction.

New Orleans, Louisiana, this __8th__ day of August, 2007.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

---

[1] This ruling is without prejudice to Waterstreet's right to raise this issue in state court.